## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN  DISTRICT OF TEXAS
## MARSHALL  DIVISION

**HAROLD HACKNEY**

**vs.**                                          **CIVIL ACTION: _____**
                                                 **JURY REQUESTED**

**CONCORD HEALTHCARE GROUP, LLC**
**d/b/a  GARDENDALE REHABILITATION**
**AND NURSING CENTER**

<u>PLAINTIFF'S ORIGINAL COMPLAINT</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### INTRODUCTION

1.    Plaintiff Harold Hackney  alleges violations of the Fair Labor Standards Act ("FLSA")

entitlement of the right to receive pay for all time worked for Defendant.  Defendant have failed

to pay Plaintiff and other similarly situated for continuous workday activities which are integral

and indispensable to their principal activities.  For himself the named Plaintiff seeks his unpaid

wages, overtime, liquidated damages, all available equitable relief, attorney fees, and litigation

expenses/costs, including expert witness fees and expenses.

### PARTIES

2.    The named Plaintiff is an  employee  of the Defendant.  The Plaintiff brings this action to

recover unpaid compensation due him.

3.   The Defendant  CONCORD HEALTHCARE GROUP, LLC, d/b/a GARDENDALE

REHABILITATION AND NURSING CENTER is a limited liability company doing business in

**PLAINTIFF'S COMPLAINT**
**Page 1**

the State of Texas.  Defendant CONCORD HEALTHCARE GROUP, LLC d/b/a

GARDENDALE REHABILITATION AND NURSING CENTER does business in the Eastern

District of Texas and can be served through its  registered agent,  Vcorp Services, LLC, 1999

Bryan St., Suite 900, Dallas, Texas 75201-3136.

4.  At all times relevant to this lawsuit, the Defendant has employed and continue to employ a

substantial number of employees in non-exempt work.   Defendant business operation in

Cherokee County, Texas, is, at present, and was at all times relevant to this lawsuit, engaged in

the performance of related activities through unified operation or common control for a common

business purpose and is an enterprise within the meaning of 29 U.S.C. §213(s)(6).

### JURISDICTION

5.     Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, 29 U.S.C. §216(b) and 28 U.S.C. §

1337.  This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, et seq.

### FACTS

6.   Defendant is an  employer  and enterprises as those terms are defined by the FLSA.

7.   At all times relevant hereto, Defendant has been an enterprise engaged in commerce and/or in the

production of goods for commerce, as those terms are defined by the FLSA.

8.   At all times relevant hereto, Defendant has  been an employer subject to the wage and hour provisions

of the FLSA.

9.   Defendant has  repeatedly and willfully violated, and continue  to willfully violate, Sections 6 and 7 of

the FLSA by failing to pay Plaintiff and other similarly situated employees, or former employees, for the

hours worked by such employees, by failing to pay Plaintiff  and others for all overtime hours worked.

**PLAINTIFF'S COMPLAINT**
**Page 2**

Plaintiff  worked  working through his lunch hour, off the clock, and failure to pay for all time worked with the knowledge of Defendant, for which Plaintiff was not paid wages.  Due to the extremely heavy workload placed on Plaintiff and others by the Defendant, plaintiff was  often required to work through his  lunch hours, off the clock time,  and overtime.

10.   Plaintiff  was employed in a position which was not exempt from the requirement that he  be compensated for his  hours of work by the payment of straight time and overtime.  Defendant has  repeatedly and consistently failed to pay Plaintiff and others for working through their lunch hour, off the clock time, and overtime hours.

11.   The payments are not proper  and do include any pay for which Plaintiff worked through his lunch hour, off the clock time, and overtime hours.

12.   The evidence at trial will show that Plaintiff and others were not paid for all hours worked.

13.  Plaintiff believes, and thereby, alleges that the failure of  CONCORD HEALTHCARE GROUP, LLC d/b/a  GARDENDALE REHABILITATION AND NURSING CENTER,  to pay overtime Plaintiff  for overtime pay was intentional.

14.  An employer that violates the FLSA is liable for "unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." Moreover, "any person who repeatedly or willfully violates [the FLSA], relating to wages shall be subject to a civil penalty not to exceed $1,100 for each such violation." § 216(e)(2).

15.  Defendant has  repeatedly violated the Fair Labor Standards Act.

16.  The administrator at the facility where Plaintiff was employed signed  an employee action form on April 3, 2018.  (See Exhibit "A" attached hereto).   The form provided for a change in rate of pay from

**PLAINTIFF'S COMPLAINT**
**Page 3**

$26.00 per hour to $26.94 per hour.

17.  Plaintiff's earning statement reflect that Plaintiff was being paid $23.00 per hour, which was later

changed to $23.94 per hour.   (See Exhibit "B" attached hereto)


### REQUESTED RELIEF

18.   Plaintiff has  suffered and continues to suffer damages as a result of the Defendant's  failure and

refusal to pay proper compensation, as shown above, because of the Defendant's continued violations of

the FLSA.   Plaintiff  is  entitled to judgment granting him  damages in the amount of  the difference

between the partial wages actually received by the Plaintiff  and the full wages he is  entitled to recover

under the law, including all uncompensated overtime wages for hours worked for any activity that is

integral and indispensable to the principal activities, and attorney fees.

19. Plaintiff, in addition for his claim for actual damages, seek injunctive relief from the Court

to prevent future violations of the FLSA, as alleged herein.

### JURY DEMAND

20.  Plaintiff  requests a jury trial.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff  prays that judgment be granted:

1. Ordering the Defendant to pay the Plaintiff  compensation due as a result of Defendant

violation of the FLSA;

2. Ordering Defendant to pay the Plaintiff  liquidated damages;

3. Ordering Defendant to pay the Plaintiffs a civil penalty not to exceed $1,100.00 for each


**PLAINTIFF'S COMPLAINT**
**Page 4**

violation of the FLSA.

      4. Granting injunctive relief by ordering Defendant to comply with the requirements of the

FSLA.

      5. Ordering Defendant to pay Plaintiffs costs of court in this action;

      6. Ordering Defendant to pay Plaintiff's reasonable attorney fees and litigation expenses/costs,

including expert fees and expenses; and

      7. Providing such other and further relief as is just and necessary.

Respectfully submitted,


_/S/_____
Bob Whitehurst
State Bar No. 21358100
Bob Whitehurst
5380 Old Bullard Road
Suite 600, #363
Tyler, Texas 75703
(903)593-5588
Attorney for Plaintiffs

**PLAINTIFF'S COMPLAINT**
**Page 5**